UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

AMITAVA GUPTA, M.D.                                                                          PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:03CV-617-S

AVANTA ORTHOPAEDICS, INC.                                                             DEFENDANT

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Avanta Orthopaedics, Inc., for summary judgment in this action alleging fraud and misappropriation of trade secrets.

The plaintiff, Amitava Gupta, M.D., brought this action in the Jefferson Circuit Court, Division Ten. Gupta is a physician and partner in the medical practice of Kleinert, Kutz & Associates Hand Care Center, PLLC. He claims invention of a total wrist prosthesis which he refers to as the "Gupta Wrist," prior to 1992. He began negotiations in 1992 with Sutter Corporation for the commercial development of his invention. To this end, Gupta entered into a nondisclosure agreement with Sutter in April, 1992. The small joint orthopaedic division of Sutter was sold and formed as Avanta Orthopaedics, Inc. which was registered in 1996. Gupta states that he engaged in extensive development work with engineers and other associates of Avanta. He contends that in 1997 Avanta proposed transfer of the Gupta Wrist technology to it in exchange for royalties to be paid to Gupta. Gupta alleges that he was dissatisfied with the terms over which they were negotiations and that the parties did not resolve the matter. In any event, Avanta sent a Technology Transfer Agreement ("TTA") in August of 1999 proposing terms to Gupta for his review. Gupta signed the agreement and returned it to Avanta, but allegedly never received a copy executed by Avanta. After Gupta returned the agreement, Avanta began testing the Gupta Wrist at the Mayo Clinic. It applied for a patent in 2003 on the invention. Gupta alleges that Avanta did not respond

to his inquiries concerning the status of the agreement and did not inform him of its intent to seek a patent on the invention. Gupta contends that in November of 2002, Avanta informed him by letter that no fully executed copy of the agreement apparently existed, that there were problems with the terms contained in it, and that it was Avanta's position that others were materially involved in the development of the invention such that royalties and credit for inventorship should be shared among them. Gupta alleges that Avanta has given unauthorized public demonstrations of his invention and has refused to return proprietary information to him.

Unable to resolve these matters, Gupta filed suit alleging that Avanta defrauded him, breached its confidentiality agreement with him, and unlawfully disclosed, misappropriated and used his trade secrets and patent rights.

> Avanta removed the action to this court on the ground that
>
> Plaintiff's Complaint asserts claims arising under the patent laws of the United States...The specific grounds for removal are as follows:
>
> ...2. Gupta alleges claims arising under the patent laws of the United States. Specifically, on pages 6 and 7 of his Complaint, Gupta alleges:
>
>> 29. Further, <u>Avanta has applied for a patent</u> to the product, and further, through its demonstrations of the product, and other actions unknown to Dr. Gupta, has violated Dr. Gupta's right to the invention and for its own purposes has misappropriated the invention for its own use, without proper compensation or recognition of Dr. Gupta's role in inventing and developing the Gupta Wrist Prosthesis now titled the "Avanta Wrist."
>>
>> 34. The aforesaid wrongful acts of the Defendant constitutes [sic] a misappropriation and conversion of <u>the patent rights of Dr. Gupta</u>, all of which has caused him considerable and permanent irreparable harm and damage, for which he has not complete and adequate legal relief.
>
> ...6. The federal courts have exclusive jurisdiction over Gupta's claim that he is an inventor of the invention claimed by the provisional patent application, as they have exclusive jurisdiction over all claims arising under the federal patent laws. 28 U.S.C. § 1338(a)...

Notice of Removal, ¶¶ 2,6 (emphasis in removal petition).

Upon addressing the summary judgment motion in this case, the court has determined *sua sponte* that subject matter jurisdiction is lacking and the matter was improvidently removed from the Jefferson Circuit Court. As the court lacks jurisdiction, it does not have authority to decide the summary judgment motion. The matter must be remanded to the court from which it was removed.

28 U.S.C. § 1447(c) states that "...[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The district court is charged with the duty of continually reexamining its jurisdiction and must *sua sponte* remand cases in which subject matter jurisdiction is lacking. *See, Franchise Tax Board v. Construction Laborors Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Anusbigian v. Trugreen/Chemlawn, Inc.* 72 F.3d 1253, 1254 (6th Cir. 1996). Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand. *Abels v. State Farm Fire & Casualty Co.*, 770 F.2d 26, 29 (3d Cir. 1985), *citing,* 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3642, at 149 (2d ed. 1985).

> The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331. See, *e.g., Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127-128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974)(*per curiam*). As "appropriately adapted to § 1338(a)," the well-pleaded complaint rule provides that whether a case "arises under" patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration..." *Christianson*, 486 U.S., at 809, 108 S.Ct. 2166 (internal quotation marks omitted). The plaintiff's well-pleaded complaint must "establis[h] either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law..." *Ibid*. Here, it is undisputed that petitioner's well-pleaded complaint did not assert any claim arising under federal patent law.

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830, 122 S.Ct. 1889, 1893, 153 L.Ed.2d 13 (2002). We find that the same conclusion is required in this case.

The only connection to patent law alleged in the complaint is Gupta's allegation that Avanta applied for a patent on Gupta's invention. Gupta contends that this act and others constitutes

misappropriation and fraud. Avanta premises federal court jurisdiction on the fact that Gupta claims to be the inventor of the Gupta Wrist. It contends that inventorship is a question of who actually invented the subject matter claimed in a patent, and therefore Gupta's claims necessarily arises under federal patent law. We disagree.

First, it does not appear that the fact of Gupta's inventorship is in issue. Gupta is identified in Avanta's patent application as an inventor. Rather it a matter of whether Avanta had the right to seek a patent on the invention. The claims asserted by Gupta arise from the business relationship between Gupta and Avanta. The reference to Avanta's patent application and it's alleged misappropriation of Gupta's rights in his invention do not convert the case into one arising under federal law. *See, ie., R.F. Shinn Contractors, Inc. v. Shinn*, 2002 WL 31942135 (M.D.N.C. Nov. 8, 2002)(unlike a question regarding the validity of patents or a determination of infringement, a declaration of equitable title to patents at issue does not require resolution of a question of federal law. Claims that involve a contract or license relating to a patent do not make the case a patent suit for purposes of federal question jurisdiction), *citing Barnhart v. Western Maryland Ry. Co.,* 128 F.2d 709, 714 (4th Cir. 1941); C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction 2d*, § 3582, p. 303-04 (1984).

The complaint reveals that Gupta is a physician licensed to practice medicine in Kentucky and that his partnership's primary office is located in Louisville. Avanta is a corporation whose principal place of business is San Diego, California. Beyond the fact that the parties conduct business in different states, no further allegations of citizenship or jurisdictional amount are alleged in the complaint in satisfaction of the requirements for diversity jurisdiction. The defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the filing of the notice of removal, and the burden rests with the defendant to show the existence of federal jurisdiction. *Pullman Company v. Jenkins*, 305 U.S. 534, 537, 59 S.Ct. 347, 348, 83 L.Ed. 334

- 5 -

(1939). Diversity jurisdiction was neither alleged by the defendant in its notice of removal nor was it evident from the face of the complaint at the time of removal.

The case must be remanded to the Jefferson Circuit Court. A separate order will be entered this date in accordance with this opinion.

None of Gupta's claims arise under federal law.[1]  The complaint must therefore be remanded to the Jefferson Circuit Court for lack of subject matter jurisdiction. A separate order will be entered herein this date in accordance with this opinion.

---

[1] Although not mentioned in the notice of removal, Gupta states at ¶ 32 that the acts of Avanta constitute the crime of theft of trade secrets set forth in 18 U.S.C. § 1832. Despite this statement, Gupta does not make a claim for redress of any such alleged criminal act other than the relief he seeks under various state civil law claims.